**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5891

ROY LEE EVANS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-94-138)

Submitted: October 7, 1997

Decided: October 23, 1997

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Kenneth M. Sorenson, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Roy Lee Evans pleaded guilty to conspiracy to distribute cocaine and cocaine base, and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (1994), and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 841 (1994). Evans appeals his conviction and sentence. We affirm.

In October and November 1994, Evans' co-defendants contacted a Roanoke City Police Department confidential informant regarding drug debts owed to Evans. The confidential informant paid the debts and then arranged to purchase one ounce of cocaine from Evans. Evans was arrested during the drug transaction. Following a search of Evans's residence, police seized $12,800, records, scales, and packaging materials. Police also seized several weapons and boxes of ammunition.

The grand jury returned a seven-count indictment against Evans and his co-defendants. Evans was named in five of the counts and pleaded guilty to three counts. Prior to sentencing, Evans moved to withdraw his guilty plea on the ground that the Government failed to file a motion pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (1995). The district court denied the motion and sentenced Evans to 120 months imprisonment.

On appeal, Evans asserts that the district court erred in not granting his motion to withdraw his guilty plea because he received ineffective assistance of counsel. Evans contends that counsel gave him erroneous sentencing advice by underestimating his criminal history category and its impact on his potential sentence, and as a result of this advice he involuntarily pled guilty. Rule 32(e) of the Federal Rules of Criminal Procedure provides that a court may permit withdrawal of a guilty plea if the motion is made before sentencing and if the defendant establishes any "fair and just" reason for withdrawal of the plea. See Fed. R. Crim. P. 32(e); United States v. Hyde, ___ U.S. ___, 65 U.S.L.W. 4369 (U.S. May 27, 1997) (No. 96-667). Competent counsel is one of the factors this court considers when determining whether the reason advanced by the defendant is a "fair and just" rea-

2

son. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). In order for ineffective assistance of counsel to constitute a "fair and just" reason to withdraw a guilty plea, counsel's ineffectiveness must fall below an objective standard of reasonableness. See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (citing United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989)). While misinformation regarding sentencing possibilities could be a "fair and just" reason to withdraw a guilty plea, an attorney's erroneous estimate of the applicable guideline range does not always warrant withdrawal of a defendant's guilty plea. See Lambey, 974 F.2d at 1395.

The record shows that Evans discussed with his attorney the sentencing possibilities. Even if counsel erroneously advised Evans, however, the misinformation was corrected by the court at the Rule 11 hearing. See id. During the Rule 11 hearing, the court informed Evans of the possible sentence for each count to which Evans was pleading, and Evans stated that he understood the maximum possible penalty for each count. The court further informed Evans that it could not determine the guideline sentence in his case and that his sentence could not be determined until after a presentence report had been filed and objections submitted and decided upon. Also, Evans's plea agreement stated that no representation had been made as to the final disposition of the matter. Therefore, this claim lacks merit.

Evans next claims that the district court erred by imposing a sentence within a guideline range exceeding twenty-four months, without stating its reasons in open court. See 18 U.S.C. § 3553(c)(1) (1994).* The review of sentences is limited to sentences "imposed in violation of law" or those "imposed as a result of an incorrect application of the sentencing guidelines." See 18 U.S.C.§ 3742(a)(1)-(2) (1994). In United States v. Jones, 18 F.3d 1145, 1151 n.4 (4th Cir. 1994), this court reserved the question of reviewability of a failure to explain reasons under § 3553(c)(1). Even assuming that the district court's failure to explain its reasons is reviewable, because Evans did not object or request an explanation, the district court's failure to explain its reasons can only be reversed if there is plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Our

_____

*The guidelines range was 110 to 137 months, and Evans was sentenced to 120 months, just below the middle of the guidelines range.

3

review of the record does not suggest that the district court committed plain error. The district court recited Evans's criminal history in relation to his sentencing and listed, as its reason for imposing the sentence in the judgment, "defendant's criminal history." Further, the alleged error does not seriously affect the fairness and integrity of judicial proceedings. Therefore, we find that the district court did not commit plain error warranting correction. Accordingly, we affirm Evans's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4